**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KATIE ALLEN,

*Plaintiff,*

v. Case No. 2:25-cv-02556-EFM-JBW

RANDY WATSON, in his individual capacity,
and DR. JAKE STEELE, KANSAS
COMMISSIONER OF EDUCATION,
in his official capacity.,

*Defendant.*

---

**Declaration of Deborah Bremer**

I, Deborah Bremer, being of lawful age and am competent to give testimony in a court of law and have personal knowledge of the facts set forth in this Declaration.

1. I am the Board Secretary for the Kansas State Department of Education ("KSDE"). In that role, I work closely with the ten members of the Kansas State Board of Education and regularly receive communications from board members and constituents regarding matters affecting KSDE.

2. After Katie Allen's Facebook post, I personally witnessed a significant disruption to the normal operations of KSDE. During that period, constituents began contacting KSDE in unusually high numbers regarding the post.

3. This was not a normal volume of calls or emails. Over the course of several days, I received numerous communications from board members and constituents expressing confusion, concern, and demanding information about the situation. The volume and intensity of the communications increased as the matter received more public attention.

4. Because I serve as Board Secretary, I was fielding communications from all ten board members while Dr. Watson was also dealing with the situation.

5. Constituents in the Manhattan area appeared to be especially upset because Katie Allen serves on the school board in that school district.

6. I also observed that constituents were contacting KSDE in unusually high numbers during those days. On a normal day, constituent communications are far fewer and typically concern specific education-related issues. In contrast, during the days following the Facebook post, the number of calls increased substantially, and many callers were focused on the controversy surrounding Katie Allen's post and its impact on KSDE.

7. Although I did not field a substantial number of calls from the public, I personally witnessed the non-stop barrage of calls coming to Makayla Auldridge and the disruption caused as a result because our office spaces are within a close proximity.

8. A normal call volume for me from constituents in the public averages around ten per day. During September 11 through September 18, 2025, I estimate that I handled an average of 50 calls each day.

9. Based on my personal observations, Katie Allen's Facebook post caused a material and substantial disruption to KSDE operations.

*PURSUANT TO 28 U.S.C. § 1746, I DECLARE CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JUNE* 26*, 2026.*

Deborah Bremer

Deborah Bremer