**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KATIE ALLEN,

*Plaintiff,*

v.

Case No. 2:25-cv-02556-EFM-JBW

RANDY WATSON, in his individual capacity, and DR. JAKE STEELE, KANSAS COMMISSIONER OF EDUCATION, in his official capacity.,

*Defendant.*

---

**Declaration of Marisa Seele**

I, Marisa Seele, being of lawful age and am competent to give testimony in a court of law and have personal, first-hand knowledge of the facts set forth in this Declaration.

1. I am a Human Resource Professional in the Human Resources Department of the Kansas State Department of Education. I was in this position in September 2025.

2. On September 11, 2025, I arrived at work and observed that our front desk, staffed by Mady Carpenter, was being inundated with calls from members of the public in response to Katie Allen's Facebook post.

3. I assisted Ms. Carpenter in reviewing the calls. We did not respond to calls regarding the Facebook post because the phone lines were constantly ringing and we had no information to provide to the callers. We reviewed voicemails and responded to individuals who required information from the KSDE. The volume was extraordinary and unrelenting for at least three business days, and although it later diminished, it remained well above normal for at least a week, continuing to place a substantial burden on our office.

4. The vast majority of the calls were negative regarding Ms. Allen's post, and some callers were belligerent and threatening.

5. The volume of calls responding to Katie Allen's Facebook post caused significant disruption because it diverted me from my regular responsibilities. For at least three business days, I was unable to perform some of my normal duties because I was required to devote my time to assisting with the incoming calls.

6. The calls also imposed a substantial operational burden on the agency because they effectively prevented use of the phones for ordinary office business. The Human Resources Department relies on its phone lines throughout the day, and the constant incoming calls tied up those lines and interfered with routine agency operations.

7. As a result, the Human Resources Department was forced to adopt extraordinary measures by screening all calls through voicemail. We attempted to promptly review messages and return only those involving legitimate KSDE business, but even that process was difficult because the phones continued ringing at a constant pace.

8. The calls also impaired my ability to assist individuals with legitimate KSDE business. It was difficult to get ahold of an employee in the Teacher Licensure Department because their number diverts to the first open representative but all of the phone lines were tied up due to also being flooded with calls concerning Katie Allen's Facebook post.

9. Ordinary agency business took substantially longer to complete because staff had to sort through the overwhelming number of calls and messages to identify matters requiring a response, which further burdened agency operations and delayed legitimate work.

10. The volume of calls opposing Katie Allen's Facebook post was emotionally disruptive because many callers were volatile and threatening.

11. Due to the high volume of incoming calls, we were forced to stop answering all incoming calls and instead listen to all voicemails and respond to those requesting assistance with legitimate KSDE business. We had to forward multiple voicemails from callers requesting assistance with teacher licensure for response by the Teacher Licensure Department.

12. While the call volume will vary throughout the year, the highest call volume we receive is during the summer for teacher licensure. At that time, we average 2-3 calls per hour on average. During September 11 or 12 through September 16 or 17, the phones did not stop ringing.

13. In my 5.5 years of employment with KSDE, both before and since these events, I have never experienced anything comparable. The volume of calls generated by Katie Allen's Facebook post was unprecedented in my experience and imposed an exceptional burden on the agency.

*PURSUANT TO 28 U.S.C. § 1746, I DECLARE CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JUNE* 26 *, 2026.*

Marisa Seele
Marisa Seele