**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| KATIE ALLEN,<br><br>Plaintiff,<br>v.<br><br>RANDY WATSON, in his offical and individual capacity,<br><br>AND<br><br>JAKE STEELE, KANSAS COMMISSIONER OF EDUCATION, in his official capacity,<br><br>Defendants. | **Case No. 2:25-cv-02556-EFM** |

**AMENDED[1] NOTICE OF SUPPLEMENTAL AUTHORITY:**
***Cubin v. Gordon*, Case. No. 25-8021, 2026 WL 2093778 (10th Cir. July 21, 2026)**

Pursuant to Local Rule 7.1(f), Plaintiff Katie Allen brings to the Court's attention a recent case decided by the Tenth Circuit Court of Appeals, *Cubin v. Gordon*, Case. No. 25-8021, 2026 WL 2093778 (10th Cir. July 21, 2026). In *Cubin*, the Tenth Circuit considered whether a member of the Wyoming Board of Medicine stated a First Amendment claim after he resigned, pursuant to the Governor's request, because of the content of an email to the Wyoming Medical Society, of which he was a member, regarding pending legislation.

The district court ruled that the plaintiff did not state a First Amendment retaliation claim because the issue on which he commented was not a matter of public concern, and because the balancing of interests favored the government. The Tenth Circuit reversed that ruling, holding that the speech was on a matter of public concern and that the balancing-of-interests ruling was premature because discovery had not yet occurred.

[1] The initial filing of this document contained a citation error.

*Cubin* is relevant to this case for two primary reasons. First, Cubin resigned his position. As discussed in prior briefing,[2] Katie Allen did not resign, but even if her termination were characterized as a resignation, it wouldn't matter, because the overall circumstances made clear that Allen would not be permitted to remain in her position. In *Cubin*, the plaintiff indisputably resigned, and the Tenth Circuit held that he had stated a cause of action for First Amendment retaliation.

Second, the Tenth Circuit held that while the plaintiff's email to the Wyoming Medical Society concerned the internal processes of a private organization, the email nevertheless was driven "by 'a broader public purpose'" and therefore addressed a matter of public concern. Thus, while the Tenth Circuit considered the private issues presented in that case, it views the public-concern issue broadly.[3]

The two additional issues the court decided, one for the plaintiff (whether the balancing test could be considered at the pleading stage) and one against (whether public concern in that context was clearly established), have little or no bearing on this case.[4]

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

/s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone: (913) 322-3528

---

[2] *See* Plaintiff's Memorandum in Support of Partial Summary Judgment (Doc. 37), pp. 10-13; Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 39), pp. 28-30; Plaintiff's Reply Memorandum in Support of Her Motion for Partial Summary Judgement (Doc. 41), pp. 1-4.
[3] *See* Plaintiff's Memorandum in Support of Partial Summary Judgment (Doc. 37), pp. 15-17; Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 39), pp. 36-38.
[4] The body of this notice contains 335 words, meeting the Rule 7.1(f) limit.

Facsimile: (913) 904-0213

**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed through the court's electronic filing system on September 24, 2026, providing notice to all counsel of record.

/s/ *Mark V. Dugan*
**Counsel for Plaintiff**