**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KATIE ALLEN,

*Plaintiff*,

v. Case No. 2:25-cv-02556-EFM-JBW

RANDY WATSON, in his individual capacity,
and DR. JAKE STEELE, KANSAS
COMMISSIONER OF EDUCATION,
in his official capacity.,

*Defendants*.

---

**Response to Notice of Supplemental Authority (Doc. 44)**

Plaintiff cites the unpublished decision *Cubin v. Gordon*, No. 25-8021, 2026 WL 2093778 (10th Cir. July 21, 2026). *Cubin* does not aid Plaintiff in any respect and, conversely, shows defendant Watson is entitled to qualified immunity.

Dr. Cubin was an at-will gubernatorial appointee to the Wyoming Board of Medicine. Dr. Cubin wrote an email to all Wyoming state legislators criticizing his medical society's position on a bill banning gender-affirming care. Wyoming Governor Gordon then wrote Cubin saying, "I believe it is best to remove you from the Board." *Id*. at *2. "Cubin verbally resigned the same day and confirmed his resignation in writing four days later." *Id*. The Tenth Circuit held Cubin's emails to legislators about a bill under consideration by that body were on a matter of public concern, *id*. at *6, and that the district court had erred by performing the *Pickering* balancing test on a motion to dismiss without discovery. *Id*. at *7. The Tenth Circuit, however, affirmed the grant of qualified immunity to Governor Gordon in his individual capacity. *Id*. at *7-*8.

*Cubin* does not aid Plaintiff Allen because:

1. Allen voluntarily and unilaterally resigned before any contact with Dr. Watson following her Facebook comment, *see* Doc. 35 at 5-7 (¶¶ 30-41) and 16-19 (§ IV.B.1), and Doc. 40

at 6-7, whereas Dr. Cubin was constructively discharged from the Board, resigning only after Governor Gordon informed Dr. Cubin of the intention to remove him from the Board. 2026 WL 2093778 at *2. Allen resigned and was not constructively discharged nor was she fired.

2. Defendants' arguments on the *Pickering* balancing test are on summary judgment after full discovery. *See* Doc. 34, Pretrial Order, p. 13, ¶ 7 ("Discovery is complete."). A decision on the balancing test is not premature.

3. Dr. Watson is entitled to qualified immunity as the law is not clearly established that Allen's "speech" was protected by the First Amendment. *Cubin*, 2026 WL 2093778 at *7-*8 (citing *Singh v. Cordle*, 936 F.3d 1022, 1035 (10th Cir. 2019)); *see also* Doc. 35, 21-25 (also citing *Singh*, 936 F.3d at 1033–34, 1036).

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cmoe@fpsslaw.com

**s/David R. Cooper**
David R. Cooper #16690
Crystal B. Moe #29168
*Attorneys for Defendants*

**Certificate of Compliance with D.Kan. Rule 7.1(f) and Certificate of Service**

The undersigned certifies compliance with D.Kan. Rule 7.1(f). The body the foregoing response comprises 348 words as counted by Microsoft Word 365.

On September 28, 2026, the foregoing was e-filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Heather J. Schlozman, KS Bar #23869
Mark V. Dugan, KS Bar #23897
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Tel: (913) 322-3528 | Fax: (913) 904-0213
heathis@duganshlozman.com
mark@duganschlozman.com
**Attorneys for Plaintiff**

s/David R. Cooper