**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| KATIE ALLEN,<br><br>Plaintiff,<br>v.<br><br>RANDY WATSON, in his offical and individual capacity,<br><br>AND<br><br>JAKE STEELE, KANSAS COMMISSIONER OF EDUCATION, in his official capacity,<br><br>Defendants. | **Case No. 2:25-cv-02556-EFM-JBW** |

**PLAINTIFF'S MOTION TO REOPEN THE SUMMARY JUDGMENT RECORD**

Plaintiff Katie moves this Court to reopen the summary judgment record to receive two additional exhibits. In support of her motion, Plaintiff states:

**Background**

On July 1, 2026, Defendant moved for summary judgment on Plaintiff's claims. On the same day, Allen moved for partial summary judgment as to Defendants' liability. Both motions are fully briefed.

A critical issue in both motions is whether Allen's job ended by resignation or termination. As set forth in the parties' motions, Allen sent an email to her supervisor, Beth Fultz, on September 11, 2025 saying "please accept my resignation." Fultz did not see the email until September 16, at which point she forwarded it to Defendant Randy Watson and Wendy Fritz of Human Resources, who then emailed Allen purporting to accept her resignation. In the meantime, on September 15, Watson requested Allen's resignation. She refused to resign, and he

told her there must be a separation. On these undisputed facts, Allen says she was terminated, and Defendants say she resigned.

**Argument**

The documents Allen submits, attached here as Exhibits 1 and 2, have an important bearing on this issue. They are emails from Michelle Dombrosky and Danny Zeck, both members of the Kansas State Board of Education, to State Representative Megan Steele. Both are dated September 15, 2025, and both state that Allen was no longer employed at the Kansas State Department of Education ("KSDE"). Thus, on September 15, 2025, the governing body of KSDE, not knowing that Allen had offered her resignation, told a sitting legislator that Allen's employment at KSDE had ended. At that point, Allen was not employed, and no one at KSDE knew anything about Allen's prior resignation proposal.

While these documents are not new, the Court has discretion to consider them. *See Adler v. Wal Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998); *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978). Defendants produced the documents, among hundreds of pages of emails, many of which were duplicates, before the parties submitted their summary judgment briefing. Plaintiff relied on some of those documents in her summary judgment papers, but the two attached documents were overlooked. Allen requests that the Court exercise its discretion to accept these documents, because they are relevant and important, because no summary judgment ruling has yet issued, and because accepting them now will result in no prejudice to Defendants, who have the opportunity to respond to this motion.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

/s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897

heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone: (913) 322-3528
Facsimile: (913) 904-0213

**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed through the court's electronic filing system on October 26, 2026, providing notice to all counsel of record.

/s/ *Mark V. Dugan*
**Counsel for Plaintiff**