**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KATIE ALLEN,

*Plaintiff*,

v. Case No. 2:25-cv-02556-EFM-JBW

RANDY WATSON, in his individual capacity,
and DR. JAKE STEELE, KANSAS
COMMISSIONER OF EDUCATION,
in his official capacity.,

*Defendants*.

---

**Response to Motion to Reopen Summary Judgment Record (Doc. 46)**

Defendants oppose Plaintiff's motion, *Doc. 46*, to reopen the summary judgment record. The documents Plaintiff asks the court to add to the record were produced during discovery and were overlooked by Plaintiff. Plaintiff's motion should be overruled but the emails, even if considered, do not create a dispute as to any material fact.

## I. Nature of the Case

This is a civil rights action under 42 U.S.C. § 1983 in which Katie Allen asserts a claim of First Amendment retaliatory discharge.

## II. Statement of Facts

Under the Pretrial Order, dispositive motions were to be filed by July 1, 2026. *Doc. 34*, p. 13. The parties filed their motions for summary judgment July 1, 2026. *Doc. 35* and *Doc. 36*. The motions were fully briefed once the respective replies were filed on August 5, 2026. *Doc. 40* and *Doc. 41*.

Plaintiff filed a notice of supplemental authority on September 24, 2026, *Doc. 43*, to which Defendants responded on September 28, 2026. *Doc. 45*.

Plaintiff asks that the summary judgment record be reopened to include two emails sent by members of the Kansas State Board of Education (KSBE) saying Ms. Allen was no longer employed by or that she had parted ways with the Kansas State Department of Education (KSDE). *Doc. 46-1, Doc. 46-2*.

## III. Argument and Authorities

### A. Plaintiff demonstrates neither the diligence nor good cause to justify the untimely submission of the additional documents.

The emails were available before briefing. That they were "overlooked" by counsel does not make them newly discovered evidence. The request is also untimely. Plaintiff concedes the two emails were produced during discovery and before the summary judgment motions were filed. *Doc. 46*, p. 2. Plaintiff's initial oversight of the documents is no reason to delay the fully briefed cross motions.

The motion misapplies the authorities cited. Neither *Adler v. Wal-Mart Stores, Inc*. nor *Downes v. Beach* establish an entitlement to reopen a fully briefed summary judgment record to add overlooked discovery. Plaintiff cites *Adler* and *Downes* for the proposition that this Court has discretion to consider the two emails. *Adler* emphasizes the opposite principle. *Adler* and *Downes* point out that it is the nonmovant's burden to timely identify factual disputes and that the court need not scour the record looking for fact disputes when the plaintiff fails to do so. "[T]he nonmovant must carry its burden in the district court in a timely fashion pursuant to Rule 56(e) and *Celotex* or explain why it cannot pursuant to Rule 56(f). See Fed.R.Civ.P. 56(e), (f). Otherwise, the nonmovant acts, or fails to act, at its peril." *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 672 (10th Cir. 1998).

*Downes* points out that it is the nonmoving party's burden to point out the portions of the summary judgment record upon which it relies.

> Our rule in that case permitted, but did not compel, the court to search beyond the evidence proffered in connection with the motion. While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out.
>
> We simply decline to place upon the court the litigant's burden of bringing to the court's attention the existence of a factual dispute. The party who has the most to lose if no genuine factual controversy is found is in the best position to demonstrate the existence of a dispute. If the party opposing the motion decides to forego submitting proof that a relevant factual dispute exists, he does so at his peril.

*Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978).

A party asking a court to consider materials not originally presented through the parties' briefing bears the burden to demonstrate the additional material could not have been discovered through due diligence. *Gonzales v. Qwest Commc'ns Corp.*, 160 Fed. App'x 688, 690 (10th Cir. 2005). The decision whether to consider is therefore within the district court judge's discretion. *Id.* (in the context of reviewing an objection to the magistrate judge's recommendation under 28 U.S.C. § 636(b)(1)). While courts have discretion to reopen summary judgment records, that discretion is not unlimited and should not be exercised to reward a party's failure to diligently review and present evidence in its possession before the close of briefing.

**B. The emails lack foundation and do not create a fact dispute.**

The parties agree only that "Allen says she was terminated and Defendants say she resigned." *Doc. 46* at 2. The two emails Plaintiff seeks to add to the record shed no light on that legal dispute.

Allen's job ended when she resigned by email on September 11, 2025. As a matter of law, Plaintiff's resignation took effect on September 11, 2025. *See* Doc. 35, § IV.B.1, pp. 16-19; Doc. 38, § I, pp. 5-13. KSBE Board Members Michelle Dombrosky and Danny Zeck had no authority over Allen's job. Even Dr. Watson (who was Allen's appointing authority) could not terminate Plaintiff on September 15, 2025, or at any point after September 11, 2025, because her resignation

was effective when she sent it four days earlier.

The emails by KSBE Board members to Representative Steele do not established that Dombrosky or Zeck had any authority to terminate her employment (they didn't), any involvement in the decision-making process regarding her separation (they didn't), or any personal/firsthand knowledge of the circumstances surrounding her departure as of September 15, 2025. Dr. Watson was Allen's appointing authority. *Doc. 35*, at 2, DSOF ¶ 1, and 17 (unclassified employees hold their employment shall at the pleasure of the appointing authority). The emails saying Allen was no longer employed does not establish that Allen was terminated by KSDE. The emails may simply reflect that those Board members were themselves informed of, or assumed the effect of, Watson's September 15 conversation with Allen in which he told her there must be a separation. The emails have no effect (factually or legally) given Allen's unilateral and voluntary resignation emailed to Beth Fultz on September 11, 2025.

In sum, the emails have no probative value and do not justify reopening the record.

## IV. Conclusion

The dispositive facts remain unchanged: Allen unilaterally and voluntarily resigned on September 11, 2025, and no evidence disputes that fact. The September 15 emails from KSBE Board Members to Representative Steele do not dispute the September 11 resignation, the emails were produced in discovery and available before the summary judgment briefs were filed on July 1. There is no basis to reopen the summary judgment record, and the two emails don't move the needle on the issues presented. Plaintiff's motion should be overruled.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 SW 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | cmoe@fpsslaw.com

**s/David R. Cooper**
David R. Cooper #16690
Crystal B. Moe #29168
*Attorneys for Defendants*

**Certificate of Service**

On November 9, 2026, the foregoing was e-filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Heather J. Schlozman, KS Bar #23869
Mark V. Dugan, KS Bar #23897
DUGAN SCHLOZMAN LLC
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Tel: (913) 322-3528 | Fax: (913) 904-0213
heathis@duganshlozman.com
mark@duganschlozman.com
**Attorneys for Plaintiff**

s/David R. Cooper